

# THE ATTORNEY GENERAL

# OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 30, 1966

Honorable V. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. C-642

Re: Proper lists for the
selection of qualified
jurors.

Dear Mr. Lindsey:

Your request for an opinion on the above-captioned subject reads, in part, as follows:

"Article 2094, V.A.C.S., which relates to the selection of names for the jury wheel states, in part, that various county officials shall meet in August each year 'and select from the list of qualified jurors of such county as shown by the <u>tax lists</u> in the tax assessor's office for the current year, the jurors for service in the district and county courts for the ensuing year,' in the manner thereinafter provided. (Emphasis added.)

"Heretofore, the county officials of Jefferson County used for their selection of names the ad valorem tax rolls and the poll tax rolls as found in the tax assessor's office. Now that we no longer have a 'poll tax' in Texas to go on the 'tax list' in the tax assessor's office, the county officials have requested our office to ask your opinion on the following questions:

"What constitutes the 'tax lists' as that term is used in Article 2094, V.A.C.S.?

"Which lists may the county officials now use in the selecting of names of qualified jurors?"

A further question which we have been asked from other sources and which is implied by your second question is whether the names of persons registering under the provisions of Section 34b of the Texas Election Code, enacted by Section 7 of Senate Bill No. 1, Acts of the 59th Legislature, 1st C.S. 1966, may properly be put into the jury wheel.

These questions are an outgrowth of the recent federal district court decision in United States of America v. The State of Texas (W.D.Tex., Feb. 9, 1966, opinion not yet reported; appeal to U.S.Sup.Ct. pending), invalidating the requirement for payment of the poll tax as a prerequisite for voting. Following the decision, the Legislature was convened in special session for the purpose of enacting a voter registration law, and its product was embodied in Senate Bill No. 1, supra. Section 34b of the Election Code, enacted by Section 7 of S.B. No. 1, opened up a 15-day registration period from March 3, 1966, through March 17, 1966, for persons subject to the poll tax who had not paid it before February 1, 1966, but who are in other respects qualified electors. Registrants were issued "conditional voter registration certificates" for the 1966 voting year, which were to become effective for voting upon either of two stated contingencies, one of which was that an order of the Supreme Court or the district court having jurisdication of United States v. State of Texas, supra, "becomes effective to enjoin the enforcement of the invalidated provisions at elections held before February 1, 1967."

The United States Supreme Court refused to stay the district court judgment pending appeal, but the district court granted a stay through March 25, 1966, in order to allow completion of registration and compilation of registration lists under the new law before its judgment was put into effect. As of March 26, 1966, new registrants meeting other valid requirements of Texas law became eligible to vote at elections held during the remainder of the 1966 voting year, and the eligibility will be revoked only in the event the Supreme Court reverses the district court decision.

Sections 1 through 5 of S.B. No. 1 contain permanent provisions for registration of voters, not based on liability for or payment of the poll tax, which will go into effect upon affirmance of the district court decision or upon adoption of a proposed amendment to the Texas Constitution repealing payment of the poll tax as a prerequisite for voting.

Hon. W. C. Lindsey, page 3 (C-642)

Of immediate concern is whether the names of persons issued conditional voter registration certificates under Section 34b of the Election Code may be placed into the jury wheel this year. Of concern in future years is whether the names of persons registered as voters under the permanent provisions of S.B. No. 1 may be placed into the wheel.

Article 2094, Vernon's Civil Statutes, provides that the names to be placed in the jury wheel are to be selected "from the list of qualified jurors of the county as shown by the tax lists in the tax assessor's office for the current year." Article 2095 provides that the officers performing this duty "shall write the names of all persons who are known to be qualified jurors under the law, residing in their respective counties, on separate cards" etc.

Article 2133, Vernon's Civil Statutes, provides as one of the qualifications of a juror that a person "must be a citizen of the State and of the County in which he is to serve, and qualified under the Constitution and laws to vote in said County; provided, that his failure to pay poll tax as required by law shall not be held to disqualify him for jury service in any instance." This provision doubtlessly is a partial basis for use of the poll tax lists (officially referred to as the lists of qualified voters, consisting of the names of persons who have paid the poll tax or obtained exemption certificates. See Art. 5.22, Texas Election Code). Article 2133 further provides as a qualification of a juror that he "must be either a freeholder in the State of Texas or a householder in the County or wife of a householder in the County." Use of the ad valorem tax lists in making up the jury wheel cards is related to this qualification.

The question of what lists should properly be classified as "tax lists" under Article 2094 was fully considered in Attorney General's Opinion No. O-5521 (1943). After tracing the history of the jury wheel law, the opinion stated:

"Construing these laws in accordance with the above referred to rule of construction, we do not believe that it was the intent, purpose or effect of the jury wheel law to render unavailable for jury service in those counties which came under such law, any man in such counties who had the

qualifications of a juror prescribed in said Article 2133, et seq. In construing that portion of Article 2094 (as amended) which provides that the names used for filling the jury wheel are obtained 'from the tax lists in the Tax Assessor's office for the current year,' together with that provision in Article 2095 (as amended), which provides that the designated officers 'shall write the names of all men who are known to be qualified jurors under the law,' on cards which shall be placed in the wheel, we are inevitably led to the conclusion that it was the purpose and intent of the Legislature in enacting the jury wheel law to (a) preserve the availability as jurors of all men in the county qualified for jury service under the general law; (b) to abolish, in counties coming under the provisions of the jury wheel law, the element of discretion involved in the selection, by jury commissioners, of the individual jurors to make up jury panels, and to utilize instead the selection of jury panels by mechanical means; and (c) to sanction by law the use of the tax lists in the tax assessor's office for the current year as an aid to the designated officers in their performance of their duty to see that the names of all those known to be qualified jurors under the law find their way into the jury wheel. We think the law contemplates that the designated officers should be diligent in their efforts to collect and place in the jury wheel the names of all men in the county having the qualifications of jurors as prescribed by the statutes of Texas. And always the controlling object to be effected is the placing in the jury wheel of all the qualified jurors in the county.

"* * *

"From what we have said above, you will understand that our answer to your question No. 1 is that the list in the tax assessor's

office, which should properly be classified as
a tax list within the meaning of the jury wheel
law, is the rendition list; but this list is
to be used in aid of the designated officers
in a diligent effort on their part to see that
the names of all qualified jurors in the county
find their way into the jury wheel. In further-
ance of this effort, it is permissible for said
officers to refer to and check the poll tax
list for the current year against the rendition
list; but it would be error for the officers
to use said poll tax list as the exclusive
source from which the names to be placed in
the jury wheel would be obtained."

Article 2133 expressly provides that failure to pay
the poll tax does not disqualify a person for jury service.
Registrants under Section 34b of the Election Code presumably
meet all other qualifications for voting, and their names, if
known to the officers making up the cards for the jury wheel,
could be put into the wheel when new cards are prepared in August
of 1966, without their having registered as voters. Even if
their eligibility to vote is revoked by reversal of the district
court decision, their names may still properly be put into and
remain in the wheel until a new set of cards is prepared in
1967. From what has been said, it also follows that names of
persons registering under the permanent provisions of S.B. No. 1
may also be placed into the wheel in future years.

## SUMMARY

The tax lists referred to in Article 2094,
V.C.S., to be used in selecting names to be put
into the jury wheel, are the county tax assessor's
lists of property subject to taxation (the
rendered and unrendered property lists). How-
ever, these lists are not the exclusive source
from which the names should be obtained, and
the officers preparing the cards for the jury
wheel should include the names of all persons
within the county whom they know to be quali-
fied for jury service. Names of voters who
registered under the provisions of Section 34b

of the Texas Election Code, enacted by Section 7 of Senate Bill No. 1, Acts 59th Leg., 1st C.S., 1966, during the 15-day period which ended on March 17, 1966, may properly be placed into the jury wheel.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Robert Flowers
John Banks
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright